IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
(EASTERN DIVISION)
Civil Action No. 4:09-cv-47

| | |
|---|---|
| GREEN TREE SERVICING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PATRICIA ANN DEAVER,<br><br>Defendant, | **VERIFIED COMPLAINT AND PETITION TO COMPEL ARBITRATION AND ENJOIN DEFENDANT'S PROSECUTION OF HER STATE COURT COUNTERCLAIM** |

1. Now comes Plaintiff, Green Tree Servicing, LLC ("Green Tree") and files this Verified Complaint and Petition To Compel Arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., against Defendant Patricia Ann Deaver and states as follows:

## PARTIES

2. Green Tree is a limited liability company incorporated in the state of Delaware. Green Tree Servicing, LLC bought certain assets of Conseco Finance Servicing Corp., which in turn bought certain assets of Green Tree Financial Servicing Corporation, which had its principal place of business in St. Paul, Minnesota. Green Tree is now servicing loans, including a loan involving the Defendant.

3. The Defendant, Patricia Ann Deaver is, upon information and belief, an adult citizen and resident of Lenoir County, North Carolina.

## JURISDICTION AND VENUE

4. This Court has original federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

1

5. The Defendant filed an Answer and Counterclaim ("State Court Counterclaim") in a state court foreclosure action pending in the Superior Court of Lenoir County, North Carolina, Case No. 08 CVS 1835. A true and correct copy of the State Court Counterclaim is attached hereto as Exhibit A.

6. Generally, the State Court Counterclaim alleges that Green Tree violated federal and state law in its debt collection activities relating to the Manufactured Home Retail Installment Contract and Security Agreement (the "Contract") that is the subject of the foreclosure action brought by Green Tree. A true and correct copy of the Contract is attached hereto as Exhibit B.

7. More specifically, the State Court Counterclaim alleges that Green Tree's collection phone calls relating to the Contract were harassing and violated the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq., North Carolina's Unfair Debt Collection Practices, N.C. Gen. Stat. § 75-50, et seq., and North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, et seq. (See Exhibit A, State Court Counterclaim).

8. Resolution of the allegations made in the State Court Counterclaim, and particularly the alleged violations of FDCPA, involves questions of federal law under the FDCPA, 15 U.S.C. § 1692, et seq.

9. Federal question subject matter jurisdiction therefore exists under 28 U.S.C. § 1331.

10. This court may properly exercise supplemental jurisdiction with respect to the other claims asserted in the State Court Counterclaim under 28 U.S.C. § 1367.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because, upon information and belief, Defendant resides in Lenoir County, North Carolina.

# FACTS

12. Pursuant to 9 U.S.C. § 4, Green Tree petitions this Court for an order directing the Defendant to comply with the arbitration clause in the Contract and to enjoin the Defendant from any further prosecution of the State Court Counterclaim.

13. In or around May of 1998, the Defendant entered into the Contract to finance the purchase of a 1998 Fleetwood Country Manor 24 x 28 mobile home, Serial No. NCFLV46A/B06034-CN12, a stove, refrigerator, skirting, and air conditioner (collectively the "Mobile Home"). (See Exhibit B, the Contract).

14. The Contract includes the following arbitration clause (emphasis in original):

> **ARBITRATION**: All disputes, claims or controversies arising from or relating to this Contract or the parties thereto shall be resolved by binding arbitration by one arbitrator selected by Assignee with consent of Buyer(s). This agreement is made pursuant to a transaction in interstate commerce and shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right to litigate disputes in court, but that they prefer to resolve their disputes through arbitration, except as provided herein. **THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY ASSIGNEE (AS PROVIDED HEREIN)**. The parties agree and understand that all disputes arising under case law, statutory law and all other laws including, but not limited to, all contract, tort and property disputes will be subject to binding arbitration in accord with this Contract. The parties agree and understand that the arbitrator shall have all powers provided by the law and the Contract. These powers shall include all legal and equitable remedies including, but not limited to, money damages, declaratory relief and injunctive relief. Notwithstanding anything hereunto the contrary, Assignee retains an option to use judicial (filing a lawsuit) or non-judicial relief to enforce a security agreement relating to the Manufactured Home secured in a transaction

> underlying this arbitration agreement, to enforce the monetary obligation secured by the Manufactured Home or to foreclose on the Manufactured Home. The institution and maintenance of a lawsuit to foreclose upon any collateral, to obtain a monetary judgment or to enforce the security agreement shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Contract, including the filing of a counterclaim or a suit brought by Assignee pursuant to this provision.

(See Exhibit B, the Contract, ¶ 14).

15. With the exception of judicial foreclosure actions (like the one initiated by Green Tree against the Defendant in Lenoir County, North Carolina, Case No. 08 CVS 1835), all disputes relating to the Contract are subject to binding arbitration.

16. The arbitration clause in the Contract expressly recognizes that the subject transaction involves interstate commerce and shall be governed by the Federal Arbitration Act.

17. The Defendant accepted the terms of the Contract by, among other things, initialing the bottom of each page and signing at the end of the Contract.

18. By signing the Contract, the parties agreed to be bound by its terms, including the arbitration clause.

19. The arbitration provision in the Contract is valid, binding and enforceable.

20. Notwithstanding the arbitration provision in the Contract, the Defendant asserted claims in the State Court Counterclaim that were subject to the Contract's arbitration clause.

21. Generally, the State Court Counterclaim alleges that Green Tree violated federal and state law in its debt collection activities relating to the Contract.

22. More specifically, the three-count State Court Counterclaim alleges that Green Tree's collection phone calls relating to the Contract were harassing and violated:

    (a) (Count I) the federal Fair Debt Collection Practices Act (FDCPA), 15

4

Case 4:09-cv-00047-BR   Document 1   Filed 03/25/09   Page 4 of 8

U.S.C. § 1692, et seq.,

(b) (Count II) North Carolina's Unfair Debt Collection Practices, N.C. Gen. Stat. § 75-50, et seq., and

(c) (Count III) North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, et seq.

(See Exhibit A, State Court Counterclaim).

23. All three counts of the State Court Counterclaim specifically relate to the Contract and thus are subject to the Contract's arbitration clause.

24. Green Tree disputes the allegations of wrongdoing and denies liability for the claims asserted in the State Court Counterclaim.

25. On February 3, 2009, Green Tree advised the Defendant's counsel of the arbitration clause in the Contract, and requested withdrawal of the State Court Counterclaim based on the Contract's arbitration provision. A true and correct copy of this February 3, 2009 letter is attached hereto as Exhibit C.

26. The Defendants have refused to withdraw the State Court Counterclaim. A true and correct copy of the Defendants' letter refusal to withdraw the State Court Counterclaim is attached hereto as Exhibit D.

**CLAIM FOR RELIEF**

27. As a matter of law, under the Federal Arbitration Act, all written agreements to arbitrate "in any maritime transaction or contract evidencing a transaction involving commerce … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

5

28. "A party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court … for an order directing that such arbitration proceed in the manner provided in such agreement." 9 U.S.C. § 4.

29. The Federal Arbitration Act requires courts to uphold and enforce all written arbitration agreements relating to contracts evidencing transactions involving commerce, absent compelling grounds which would render the agreements void and revocable.

30. The Contract's arbitration clause states in part that "All disputes, claims or controversies arising from or relating to this Contract or the parties thereto shall be resolved by binding arbitration …" (See Exhibit B, the Contract, ¶ 14).

31. The claims asserted in the State Court Counterclaim arise from the Contract and therefore fall within the scope of the Contract's arbitration clause.

32. The Contract involves interstate commerce.

33. The Defendant has refused to arbitrate the State Court Counterclaim.

34. By this action, Green Tree seeks to require the Defendant's compliance with the arbitration clause in the Contract and to enjoin the Defendant from any further prosecution of the State Court Counterclaim.

WHEREFORE, Plaintiff, Green Tree prays:

(a) That Defendants be ordered to arbitrate the matters described in the State Court Counterclaim in the manner provided in the arbitration clause of the Contract;

(b) That Defendants be temporarily and permanently restrained from taking any further action to prosecute the State Court Counterclaim;

6

(c) That Green Tree be awarded a reasonable sum to cover its costs, expenses, and attorneys' fees in connection with the bringing this action; and

(d) That Plaintiff have such other and further relief to which it may be entitled.

This 25th day of March, 2009.

/s/ *Robert R. Marcus*
Robert R. Marcus
N.C. State Bar No. 20041
Jeffrey P. MacHarg
N.C. State Bar No. 37546
**SMITH MOORE LEATHERWOOD LLP**
525 North Tryon Street
Suite 1400
Charlotte, NC 28202
Telephone: (704) 384-2600
Facsimile: (704) 384-2800
rob.marcus@smithmoorelaw.com
jeff.macharg@smithmoorelaw.com
*Counsel for Green Tree Servicing, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on **March 25, 2009**, I electronically filed the foregoing **VERIFIED COMPLAINT AND PETITION TO COMPEL ARBITRATION AND ENJOIN DEFENDANT'S PROSECUTION OF HER STATE COURT COUNTERCLAIM** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>None.

and that a copy of this document was served on the following via United States Certified Mail, Return Receipt Requested, postage prepaid, addressed as follows:

>**Patricia Ann Deaver**
>**2562 Deaver Lane**
>**Deep Run, NC 28525**
>
>*Copy to:*
>Sharon Bey-Christopher
>Managing Attorney
>Legal Aid of North Carolina, Inc.
>208 East Goldsboro Street
>Wilson, NC  27893
>*Counsel for Ms. Deaver*
>
>            */s/ Robert R. Marcus*
>            Robert R. Marcus